IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELISSA ANN SEARS                                                                        PLAINTIFF

vs.                                          Civil No. 1:08-cv-01073

MICHAEL J. ASTRUE                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melissa Ann Sears ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on July 6, 2005. (Tr. 57-61). Plaintiff alleged she was disabled due to bipolar disorder. (Tr. 94). Plaintiff alleged an onset date of November 17, 2004. (Tr. 76). These applications were initially denied on October 6, 2005 and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

were denied again on reconsideration on March 6, 2006. (Tr. 40, 45).

On March 15, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 34). This hearing was held on February 27, 2007 in El Dorado, Arkansas. (Tr. 239-273). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dr. Tyra Watts testified at this hearing. *See id*. On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a college degree in education. (Tr. 243, 246).

On May 17, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 12-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 17, 2004. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bipolar disorder, mood disorder, and history of alcohol abuse. (Tr. 22, Finding 3). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22, Findings 5, 6). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529(c). (Tr. 18). The ALJ found that Plaintiff's claimed limitations were not totally credible. (Tr. 22, Finding 5).

The ALJ also reviewed all the medical evidence and hearing testimony and determined

2

Plaintiff's RFC. (Tr. 22, Finding 6). Specifically, the ALJ determined Plaintiff retained the RFC to perform entry level unskilled work activity at the medium exertional level. The ALJ also found that with over-the-counter medications, her pain assessment was no more than mild in nature. (Tr. 22).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW"). (Tr. 23, Finding 11). However, the ALJ also determined, considering her age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff would be able to perform. (Tr. 23, Finding 12). Specifically, the ALJ found Plaintiff would be able to perform a job as a hand packager with 12,000 such jobs in Arkansas and 1,000,000 such jobs in the United States and as a customer supply clerk with 3,900 such jobs in Arkansas and 425,000 such jobs in the United States. (Tr. 23, Finding 13). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through May 17, 2007. (Tr. 24, Finding 15).

On May 23, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.984(b)(2). On August 15, 2008, the Appeals Council declined to review this determination. (Tr. 3-5). On September 24, 2008, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 6,7). The parties consented to the jurisdiction of this Court on September 29, 2008. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by not discussing  Plaintiff's employer disability determination, (B) the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain, (C) the ALJ failed to understand bipolar disorder, (D) the ALJ erred by not finding Plaintiff met Mental Listing 12.04, and (E) the ALJ asked an insufficient hypothetical to the VE.  (Doc. No. 6, Pg. 4-19).  In response, Defendant argues the ALJ properly evaluated Plaintiff's subject complaints, Plaintiff's impairments do not meet or equal the requirements of a Listing, and proper VE testimony supports the ALJ decision.

**A. Employers Disability Finding**

In 2005 Plaintiff began receiving long term disability benefits from her employer. (Tr. 266). Plaintiff was employed as a school teacher at the time. (Tr. 266).  The only reference to this in the ALJ's decision is that he mentioned Plaintiff began receiving long term disability benefits  from her teaching job that would run out in April 2007. The ALJ stated:  "[Plaintiff] did work one or two days in 2005, then got long term disability from her teaching job through April 30, 2007." (Tr. 13).  The

ALJ did no further analysis of the effect of the long term disability determination on the instant claims. Plaintiff argues the fact that she received these benefits is entitled to some "weight" by the ALJ and should have been discussed by the ALJ. (Doc. No. 6, Pg 4-5). Notably, the Defendant did not address this point if his brief.

Although the disability determination that entitled Plaintiff to receive long term disability benefits is not binding of the ALJ, this finding is due some weight and should be discussed and considered by the ALJ. *See Turpin v. Bowen*, 813 F2d 165, 172 (8th Cir. 1987). "We believe that his finding [disability determination] is entitled to some weight, and deserves, at least, further investigation into how different the standards actually are." *Id*. In a more recent case, the Eighth Circuit has held that an ALJ should consider a Veterans Administration ("VA") disability rating when reviewing a claimants request for social security benefits even though such a decision by the VA is not binding on the ALJ. *See Morrison v. Apfel*, 146 F 3d 625, 628 (8th Cir. 1998).

This case should be reversed and remanded for further consideration of Plaintiff's long term disability benefits. On remand, the ALJ should discuss and considered these prior disability findings as they relate to Plaintiff's claims.

**B. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*. Defendant further states the ALJ considered the objective and subjective evidence and found, based on the record, Plaintiff's subjective statements were not credible.

In the present action, the ALJ did not perform a *Polaski* analysis. The ALJ listed the *Polaski* factors. (Tr. 18). The ALJ then stated that the *Polaski* "factors have been completely considered." However, a review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be

performed.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

       ENTERED this 15th  day of  September, 2009.

                                                    /s/   Barry A. Bryant  
                                                    HON. BARRY A. BRYANT  
                                                    U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.